**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
HENRY ROSCOE,                      :
                                            Civil Action No. 10-5978 (RMB)
                 Petitioner,       :

          v.                       :        OPINION

WARDEN DONNA ZICKEFOOSE,           :

                 Respondent.       :
```

**APPEARANCES:**

Petitioner pro se
Henry Roscoe
Federal Correctional Institution at Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640


**BUMB**, District Judge

     Petitioner Henry Roscoe, a prisoner currently confined at

the Federal Correctional Institution at Fort Dix, New Jersey, has

submitted a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241.[1]  The sole respondent is Warden Donna Zickefoose.

---

     [1] Section 2241 provides in relevant part:

     (a) Writs of habeas corpus may be granted by the
     Supreme Court, any justice thereof, the district courts
     and any circuit judge within their respective
     jurisdictions.
     (c) The writ of habeas corpus shall not extend to a
     prisoner unless-- ... (3) He is in custody in violation
     of the Constitution or laws or treaties of the United
     States ... .

Because it appears from a review of the Petition that
Petitioner is not entitled to relief, the Petition will be
dismissed.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner was convicted in the United States District Court
for the District of Columbia of unlawful possession with intent
to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1)
and (b)(1)(C), and of using, carrying, or possessing a firearm
during a drug trafficking offense, in violation of 18 U.S.C.
§ 924(c)(1).  See United States v. Roscoe, Criminal No. 03-0271
(D.D.C.).  Following reduction of the sentence pursuant to a
motion under 18 U.S.C. § 3582(c)(2), Petitioner is now confined
under a sentence of 101 months' imprisonment, to be followed by
three years' supervised release.  Petitioner asserts that his
projected release date is February 8, 2011.

Here, Petitioner alleges that he has been confined in the
Special Housing Unit for approximately 15 months,[2] where he
alleges that he is permitted no outdoor recreation.  He alleges
that the indoor recreation area has a concrete roof and that the
windows are covered with fencing material that blocks out the

---

[2] Petitioner alleges that he is confined to the SHU because
he is alleged to have possessed a marijuana cigarette.
Petitioner alleges that the matter was referred to the FBI and
U.S. Attorney's Office for prosecution, but that the case was
"refused."

view and sun light.  He also alleges that the window in his cell

is covered with a "material" that blocks the sun's rays.

Petitioner alleges that the refusal to permit him to

exercise outside violates his right under the Eighth Amendment to

be free from cruel and unusual punishment.  He alleges that

Respondent violated his right to due process under the Fifth

Amendment when she placed him in the Special Housing Unit for

over a year, even though the government has declined to prosecute

him for the alleged drug offense.[3]

Petitioner seeks an order requiring Respondent to allow him

outside recreation and terminating his supervised release, based

upon his conditions of confinement.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in

relevant part as follows:

> A court, justice or judge entertaining an
> application for a writ of habeas corpus shall forthwith
> award the writ or issue an order directing the
> respondent to show cause why the writ should not be
> granted, unless it appears from the application that
> the applicant or person detained is not entitled
> thereto.

---

[3] Petitioner also alleges that these conditions violate his
right to equal protection under the Fifth Amendment.  Petitioner
has failed to allege facts suggesting that he was treated any
differently from any other similarly-situated prisoner.
Accordingly, he fails to state a claim for violation of his right
to equal protection of the law.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III.   ANALYSIS

A.   The Conditions-of-Confinement Claims

Petitioner alleges that his placement in the Special Housing Unit for 15 months deprived him of liberty without due process and he claims that the conditions in the Unit, specifically the lack of outdoor exercise, amount to cruel and unusual punishment in violation of the Eighth Amendment.

This court lacks jurisdiction in habeas to hear Petitioner's challenges to his placement in the Special Housing Unit and to the associated conditions.  Accordingly, this claim will be

dismissed without prejudice for lack of jurisdiction.  Petitioner may pursue his claims in a civil rights action.

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriquez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.  See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady

v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that

federal prisoners may challenge the denial of parole under

§ 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990)

(challenge to BOP refusal to consider prisoner's request that

state prison be designated place for service of federal

sentence).

     The Court of Appeals has noted, however, that "the precise

meaning of 'execution of the sentence' is hazy."  Woodall, 432

F.3d at 237.  To the extent a prisoner challenges his conditions

of confinement, such claims must be raised by way of a civil

rights action.  See Leamer v. Fauver, 288 F.3d 532 (3d Cir.

2002).  See also Ganim v. Federal Bureau of Prisons, 235

Fed.Appx. 882, 2007 WL 1539942 (3d Cir. 2007) (challenge to

garden-variety transfer not cognizable in habeas); Castillo v.

FBOP FCI Fort Dix, 221 Fed.Appx. 172, 2007 WL 1031279 (3d Cir.

2007) (habeas is proper vehicle to challenge disciplinary

proceeding resulting in loss of good-time credits, but claims

regarding sanctioned loss of phone and visitation privileges not

cognizable in habeas).

     Here, Petitioner's challenges to his placement in the

Special Housing Unit, and to the associated conditions, are the

types of challenge to conditions of confinement that must be

brought by way of a civil rights action or action for declaratory

and injunctive relief.

Because Petitioner has neither applied for leave to proceed

in forma pauperis, nor prepaid the $350.00 filing fee, and

because of the consequences that flow from a grant of leave to

proceed in forma pauperis in a civil rights action or from the

dismissal of a civil rights action, this Court will not construe

this matter as a civil rights complaint.  See 28 U.S.C.

§ 1915(g).  Instead, this Petition will be dismissed without

prejudice.  Petitioner may file a separate civil complaint if he

wishes to pursue these claims.

This Court expresses no opinion as to the merits of

Petitioner's claims arising out of his placement in the Special

Housing Unit.

B.    The Supervised-Release Claim

Petitioner asks this Court to terminate his upcoming term of

supervised release because of the allegedly unconstitutional

conditions of confinement.  This Court lacks jurisdiction to

alter Petitioner's sentence, which was imposed in the U.S.

District Court for the District of Columbia.

More specifically, alteration of a term of supervised

release is governed by 18 U.S.C. § 3583(e), which permits the

sentencing court to alter the term of supervised release pursuant

to specified standards:

> (e) Modification of conditions or revocation.--The
> court may, after considering the factors set forth in
> section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D),
> (a)(4), (a)(5), (a)(6), and (a)(7)--

(1) terminate a term of supervised release and discharge the defendant released <u>at any time after the expiration of one year of supervised release</u>, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

(2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision;

(3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case; or

(4) order the defendant to remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices, except that an order under this paragraph may be imposed only as an alternative to incarceration.

8

18 U.S.C. § 3583(e) (emphasis added).

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

Here, Section 3583(e)(1) contemplates reduction of a term of supervised release only after one year of the term has elapsed. As Petitioner has not yet begun his term of supervised release, it does not appear that it would be in the interest of justice to transfer this claim to the sentencing court. Accordingly, this claim will be dismissed without prejudice.

Again, this Court expresses no opinion as to the merits of Petitioner's claim.

IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice. An appropriate order follows.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: November 23, 2010